Tlie opinion of tlie Court was delivered by
Todd, J.
This case presents a contest between the creditors of an. insolvent succession over tbe proceeds of the sale of succession property raised by oppositions to the tableau and provisional account of the administrator.
The contesting creditors are Phillippi & Co., the factors of the deceased, Mrs. Emma J. Peck, the lessor, the heirs of Robert Baker, claiming to be judgment creditors of tbe intestate, tbe Vicksburg Bank, as tbe holder of claims for money advanced to gather the crop after the *896 death of Ehoton, and for the price of mules sold him, and Mrs. Greer, claiming wages as a house servant.
The judgment of the lower court reduced the account of Phillippi & Co., allowed by the administrator, and rejected their claim for a privilege; allowed the claims of Mrs. Peck for the rents of 1877 and 1878, with privilege recognized for the latter year, and disallowed for the former ; rejected the claim of the heirs of Baker, and allowed the other claims mentioned, without privilege, except on the claim of the Vicksburg Bank for money furnished on account of expenses of gathering tiro crop, reduced the commissions of the administrator, and charged him with certain amounts not included in the debits of his account.
From this judgment, the administrator, A. C. Phillippi & Co., and the heirs of Baker, have appealed.
Mrs. Peck, in answer to the appeal, has asked an amendment of the judgment which shall recognize her privilege and right of pledge for the rent of 1877, and the other appellees pray for a recognition of their respective privileges rejected by the lower court.
We note at the outset, that the counsel of the several appellees, in their briefs, complain of the judgment rendered on the claim of Phillippi & Co., and oppose many items of their account, and seek to further reduce it, but inasmuch as none of the appellees, in their answers to the appeal, have moved an amendment of the judgment in this respect, we cannot consider the arguments in their briefs as respects the amount of the judgment.
I.
As to the claim of A. C. Phillippi & Co.:
The privileges claimed by these parties, as the furnishers of the plantation supplies for the year 1878, the year in which Ehoton died, is resisted on the ground that the evidence of the claim was not recorded until after the death of Ehoton. This objection to the privileges claimed must prevail. No privilege can have effect against third persons unless recorded. C. C. 3274, 3276; Suc. Elliott, 31 An. 31; 30An. 1007; 29 A. 412. The recordation after the death of Ehoton can have no legal effect against-the creditors of a,n insolvent estate. The death of the debtor fixes the rights of all his creditors. 9 L. 354; 11 A. R. 248; 12 R. 143; 2 An. 872, 923.
Art. 3363 lays down the rule in terms broad enough to cover both privileges and mortgages, and though found in the chapter “of the inscription of mortgages,” it is a general rule that is applicable to privileges. It is as follows:
“ If a succession which is administered by a curator or a beneficiary *897 heir, is not sufficient to satisfy the creditors, an inscription made by one of them, after it is opened, shall have no effect against the others.”
An examination of this chapter, notwithstanding its caption, will suffice to show that it treats of the inscription of privileges as well as of mortgages.
Nor does the fact that the business out of which this indebtedness resulted grew out of the relations of the deceased and the firm in question, as principal and mandataries, and the mandate was executed after the death of Rhoton, change the character or rank of the debt or dispense with the requirement of registry. The debt was contracted, the advances were made, before the death of Rhoton. The mere fact that tlie factors, under the previous engagement, received and sold the cotton crop after the death Of the intestate, does not strengthen their claim.
In regard to the claim to a pledge urged in this Court in favor of Phillippi & Co., inasmuch as no evidence was offered in the court below with special reference to it, the state of the record does not allow us to pass on it, and we must leave it open for future adjudication, with the proper reservation of the rights of the parties, with reference thereto, in the decree.
As to the amount of this claim, fixed by the judgment of the lower court, as before stated, the appellees are not in a position to contest it before this Court. But we cannot increase the amount, as urged by Phillippi & Co., appellants, by allowing the interest and commissions charged in their account.
The written contract in the record, under which eight per cent, interest was stipulated, and 2i per cent, for advancing, was usurious. C. C. 2924 and Section 1884, Revised Statutes, provides that the penalty shall be the forfeiture of the entire interest.
There is no conflict between the Article of the Civil Code referred to and the Section mentioned. They contain provisions upon the same subject matter, are contemporaneous, and can and should be so construed as to give effect to both.
The Article of the Code prohibits the charging of interest beyond the limit therein prescribed, and the Statute declares the penalty for the violation of its provisions. There is no inconsistency between them. 12 An. 723; 16 An. 239 ; 31 An. 596.
II.
As to the claim of Mrs. Peck, the lessor:
The evidence does not satisfy us that the rent of the year 1877 was owing at the death of Rhoton. Considering that this is an insolvent succession, it is not enough to simply present the contract of lease as *898 conclusive evidence of the debt. Suc. Warren, 4 An. 451; Suc. Coughlin, 34 An. not yet reported.
This contract was entered into in 1874, and on the face of it would establish a liability on the part of Rhoton, equally for that year, and also for 1875 and 1876, as well as for 1877,-the year for which the rent is claimed.
Was the alleged debt for rent of 1877 evidenced by a promissory note outstanding against Rhoton at the time of his death, the case might be different, but such is not the case. And it certainly would be more satisfactory that an explanation should be afforded of a fact somewhat remarkable, why the lessor, with her pledge and privilege on the crops grown on the plantation, should have suffered them, to be shipped and sold, and made no demand for payment whatever, in whole or in part, of the rent, so far as we are informed, for nearly a year after it was due, and while the lessee was alive. The existence of this debt should have been conclusively proved as against the creditors of this insolvent succession.
In our decree we- shall make provision affording an opportunity to supply this proof hereafter, if it can be. done.
III.
Claim of the heirs of Baker :
We see no warrant for the rejection of this claim. The judgment in favor of the opponents was regular in form, rendered by a court of competent jurisdiction, and sufficiently supported by the record of the proceedings in which it purports to have been rendered. It certainly made out a prima faeie case of indebtedness in favor of these opponents.' The parol evidence admitted to impeach this judgment, was clearly inadmissible. 3 An. 631; 32 An. 974; 33 An. 351.
The claim having been rejected by the court below, no trial seems to have been had of the issues raised by this opposition, respecting the account of the administrator, and we shall leave open for future adjudication all questions arising out of this opposition, save such as we have, or may herein finally determine, in disposing of the other oppositions.
IV.
Claims of the Vicksburg Bank:
We think this judgment correct with respect to these claims. The amendment asked for, allowing a privilege for the price of the mules, cannot be granted, for the same reason that we declined to recognize the factor’s privilege. It was not recorded prior to Rhoton’s death, and this objection applies as well to the claim of Mrs. Greer.
*899 v.
The administration was properly charged with the amount deposited in the Vicksburg Bank to Rhoton’s credit. This fund belonged to Rhoton, and his succession could not be divested of it by any act of the administrator. The commissions of the administrator were properly reduced to the amount allowed by the judgment appealed from. He was also' properly charged with the .cotton seed unaccounted for, and we are not satisfied that the amount allowed in the judgment therefor, should be either increased or diminished. We do not, however, concur with the Judge a quo in charging the administrator with the commissions for the cotton sold by Phillippi & Co. We see no impropriety, considering Rhoton’s engagements to that firm, and the supplies furnished and advances made him, in the cotton being shipped to them and by them sold. It was but the carrying out of the contract of the deceased with the firm, and was for the evident advantage of the succession, as the cotton brought a better price than if sold at public auction on the plantation. Nor does the fact that the administrator was a member of the firm of Phillippi & Co., and as such member made the sale of the cotton, deprive the firm of the right to charge the usual commission for the sale, or impose this charge on the administrator. The question, whether the charge in the factor’s account of commissions for cotton not sold by them, which Rhoton, in his contract, bound himself to ship but failed to make, we do not consider properly before us at this time. In allowing the commissions for the cotton actually sold by Phillippi & Co., and declining to impose this charge on the administrator, the amount thereof, $314, must be deducted from the credit of $ 1,000 claimed in the account of Phillippi & Co., as commissions on cotton sold and unsold. Otherwise, since the commission of 21 per cent, for selling was deducted in the account sales from the gross proceeds of the cotton and retained by the firm, the same credit would be allowed twice. The credit of $200 for travelling expenses was disallowed administrator.
VI.
In regard to the notes for $1,259 and $1250, placed on the account of the administrator,. with privilege recognized on the proceeds of sale of property in Madison Parish, and which were rejected by the lower court, no appeal was taken from the judgment thus rejecting them by the holder of the botes, nor does it even appear from the account or from the pleadings who the holder is. The administrator, had no right to complain of this charge not being imposed .on the succession, and thus champion the claim ; and for these reasons, the judgment in this respect must remain undisturbed.
*900 Prom the views expressed above, it becomes necessary to remand the case for the purpose of affording an opportunity to introduce further evidence touching the rent claim for 1877, and also with reference to the .claim to a pledge on the crops asserted by Phillippi & Co., and of determining the question involved in the opposition of the heirs of Baker, so far as not determined herein, under the pleadings of the other parties.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from he annulled, avoided and reversed, and the case be remanded, to be proceeded with according to law and the views herein expressed. Costs of appeal to be paid by the succession.
Levy, J., absent.